IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER DRUMM, | : |
| | :     4:07-CV-357 |
| Plaintiff, | : |
| | :     (Judge McClure) |
| v. | : |
| | : |
| FRANCIS SCHELL, ET AL., | : |
| | : |
| Defendants | : |

**M E M O R A N D U M**

May 1, 2008

**BACKGROUND:**

On February 23, 2007, plaintiff Jennifer Drumm instituted this civil action, setting forth a claim of state law medical malpractice against defendant physicians Kenneth Shultz, David Lindsay, Robert Pyatt, Jr., Frank D'Amelio, and Edward Wong, as well as various business entities, including EmCare Physician Services, Inc. ("EPSI"), EmCare Physician Providers, Inc. ("EPPI"), and Charles Cole Memorial Hospital ("Hospital").

Discovery has ended. On January 30, 2008, defendants EPSI and EPPI filed a motion for partial summary judgment. (Rec. Doc. No. 96.) The matter is fully briefed and ripe for disposition. For the following reasons, the court will grant the

motion.

**STATEMENT OF FACTS:**

This case concerns allegedly negligent medical treatment received by plaintiff.  Plaintiff has alleged that defendants EPSI and EPPI are vicariously liable for the negligence of defendants Shultz and Lindsay ("defendant physicians") because they were employees of EPSI and EPPI and were acting in the scope of their employment when they treated plaintiff.  Plaintiff has also alleged that EPSI and the Hospital are directly liable to plaintiff for their alleged failure to adopt and enforce policies that would ensure safe and proper emergency medical care.  As the instant motion does not contest the existence of disputed material facts with respect to the alleged negligence of the defendant physicians, but rather contends that the defendant physicians were not employees of EPSI and EPPI and that EPPI was not directly negligent, we will only discuss those facts relevant to the instant motion.

The Hospital provides emergency medical care to patients through its Emergency Department ("ED").  The Hospital contracted with EPSI in order to provide administrative management and physician staffing services for its ED.  The contract between these two entities states that "[i]t is mutually understood and agreed that [EPSI] is, and at all times shall be, an independent contractor with

respect to Hospital. Emergency Physicians shall perform their professional work free of any direction or control by the Hospital or EPSI." (Rec. Doc. No. 96, Ex. D, at p. 10, ¶ 11.) Specifically, EPSI assists the Hospital administrative management such as coordinating coverage in the ED and billing for services rendered by physicians in the ED. (Id., Ex. E.) EPSI also provides physician staffing services and contracted with EPPI in order to fulfill the recruiting aspect of its contract with the Hospital. The contract between EPSI and EPPI states that "[EPPI] shall require each Group Physician shall exercise his or her own independent discretion in providing medical services hereunder and in making professional judgments relating to the delivery of health care services in the Emergency Department." (Id., Ex. F, at p. 3, ¶ 1.6.) Finally, EPPI contracted with defendant physicians Shultz and Lindsay. The contracts between EPPI and Shultz and Lindsay are both entitled "Physician Independent Contractor Agreement" and contained a provision that states that "[EPPI] shall not exercise control of any nature, kind or description, relating to the manner or means in which Physician performs medical services or makes medical decisions. (Id., Ex. G, Ex. H, and Ex. I.) These contracts also state that defendants Shultz and Lindsay shall be paid an hourly rate and that EPPI can terminate their employment at any time. (Id.)

Finally, we note one more fact emphasized by plaintiff. The contract

between the Hospital and EPSI stated that "[EPSI] shall designate an Emergency Physician to be Medical Director of the Emergency Department." (Id., Ex. D, at 2.) The contract goes on to state the responsibilities of the Medical Director, which include presenting qualified physicians to become emergency physicians upon approval by Hospital, coordinating emergency physician coverage in the ED, and recommending policies and procedures to Hospital concerning administration of the ED. (Id.)

**DISCUSSION:**

### I.  Legal Standard

A district court may properly grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Material facts" are those which might affect the outcome of the suit. Id.; Justofin v. Metropolitan Life Ins. Co., 372 F.3d 517, 521 (3d Cir. 2004).

Regardless of who bears the burden of persuasion at trial, the party moving for summary judgment has the burden to show an absence of genuine issues of material fact. Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1080 (3d Cir. 1996) (citations omitted). To meet this burden when the moving party does not bear the burden of persuasion at trial, the moving party must show that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the nonmovant's burden of proof at trial.'" Jalil v. Avdel Corp., 873 F.2d 701, 706 (3d Cir. 1989) (quoting Chippolini v. Spencer Gifts, Inc., 814 F.2d 893, 896 (3d. Cir. 1987)); see Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). More simply put, a party moving for summary judgment who does not bear the burden of persuasion at trial is not required to negate the nonmovant's claim, but only point out a lack of evidence sufficient to support the nonmovant's claim. Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1991).

To the contrary, when the moving party bears the burden of persuasion at trial, it must point to evidence in the record that supports its version of all material facts and demonstrate an absence of material facts. National State Bank v. Federal Reserve Bank, 979 F.2d 1579, 1582 (3d Cir. 1992). If the moving party does not meet this burden, the court must deny summary judgment even if the nonmoving

party does not produce any opposing evidence.  Id.

Once the moving party meets its burden of showing an absence of genuine issues of material fact, the nonmoving party must provide some evidence that a issue of material fact remains.  Matushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  The nonmoving party, however, cannot do so by merely offering general denials, vague allegations, or conclusory statements; rather the party must point to specific evidence in the record that creates a genuine issue as to a material fact.  Celotex, 477 U.S. at 32; Ridgewood Bd. of Educ. v. N.E. ex rel. M.E., 172 F.3d 238, 252 (3d Cir. 1999).

## II.  Analysis

As mentioned, plaintiff alleges that defendants EPSI and EPPI are vicariously liable for the negligence of the physicians in the instant case.  Plaintiff has also alleged that EPSI is directly liable to plaintiff for its alleged failure to adopt and enforce policies that would ensure safe and proper emergency medical care.

A.  Vicarious Liability

Pennsylvania follows the common law doctrine of respondeat superior in which an employer may be held vicariously liable for the acts of its employees committed in the course of their employment.  Solomon v. Gibson, 615 A.2d 367,

371 (Pa. Super. 1992). However, an employer is not generally liable for the acts of an independent contractor. Capan v. Divine Providence Hosp., 430 A.2d 647, 648 (Pa. Super. 1980). In order to constitute an employee, the employer must be able to not only control the result of the work but must have a right to direct the way in which it shall be done. Jones v. Century Oil U.S.A., Inc., 957 F.2d 84, 86 (3d Cir. 1992) (citing Feller v. New Amsterdam Casualty Co., 70 A.2d 299, 302 (Pa. 1950)). An independent contractor, on the other hand, has exclusive control over the way in which the work is done. Id. (citing Feller, 70 A.2d at 302). Furthermore, the difference between the two relationships turns not on actual interference or exercise of control by the employer, but on the existence of a right or authority to interfere or control. Id. (citing Feller, 70 A.2d at 302).

      The Pennsylvania Supreme Court has outlined several factors which should be analyzed in determining whether an individual is a worker or an independent contractor: 1) control of manner work is to be done; 2) responsibility for result only; 3) terms of agreement between the parties; 4) the nature of the work or occupation; 5) skill required for performance; 6) whether one employed is engaged in a distinct occupation or business; 7) which party supplies the tools; 8) whether payment is by the time or by the job; 9) whether work is part of the regular business of the employer; and 10) whether there is a right to terminate the

employment at any time.  Valles v. Albert Einstein Med. Center, 805 A.2d 1232, 1237 (Pa. 2002) (citations omitted).

In the instant case, we conclude that the undisputed facts establish that the defendant physicians were independent contractors as a matter of law.  Most importantly, the terms of the contracts between EPSI and the Hospital, between EPSI and EPPI, and between EPPI and the defendant physicians, all state clearly and unequivocally that EPPI and EPSI have no right to control the way in which the defendant physicians perform their work, which is the ultimate question when considering whether an individual is an employee or independent contractor.  Jones, 957 F.2d at 86.  In fact, we note that the contract between defendant physicians and EPPI is specifically labeled as "Physician Independent Contractor Agreement."

Plaintiff relies on the fact that EPSI designated the medical director of the ED, that the defendant physicians were paid by the hour, and that EPSI could terminate their employment at any time, as evidence that the defendant physicians were employees, not independent contractors.  We find this evidence insufficient to create a disputed material fact in light of the clear contractual language.  The fact that EPSI designates one of the physicians to be the Medical Director of the ED is irrelevant to our determination absent any evidence that the Medical Director

retains some control over the manner in which the defendant physicians perform their work. Similarly, we do not believe that the fact that the defendant physicians were paid by the hour or could be terminated at any time detracts from the fact that they nevertheless retained full control over the manner in which they performed their work, which we reiterate is the critical question when determining whether an individual is an employee or independent contractor.

The only case relied upon by plaintiff in support of her argument that defendant physicians were employees of EPSI and EPPI is Woolfolk v. Duncan, in which the court determined that a corporation for which the physician worked could be vicariously liable for the physician's treatment. 872 F.Supp. 1381, 1393 (E.D.Pa. 1995) (Padova, J.) Specifically, the court concluded that the agreement between the corporation and the physician gave the corporation considerable control over the physician's medical practice. Id. Plaintiff contends that the only difference between Woolfolk and the instant case is that EPSI and EPPI had far more control over the medical practice of the defendant physicians than the corporation in Woolfolk. (Rec. Doc. No. 100, at 21.) After reviewing the facts of Woolfolk, we find this contention to be inaccurate. In Woolfolk, the court noted that the agreement between the physician and the corporation gave the corporation power to: 1) limit the physicians' ability to refuse services to enrollees or transfer

coverage of an enrollee to another physician 2) specify the types of services that a physician may provide to an enrollee, 3) prohibit a physician from collecting fees from enrollees for covered services 4) limit a physician's ability to refer enrollee for specialist care 5) set the time when physician must be available for medical consultation with enrollees 6) control the types of medical treatment services provided by physician to enrollees; 7) authorize the inspection, at any time during normal business hours, of physician's office and services provided to enrollees; specifying record keeping requirements; 8) specifying personnel and training requirements for physician's medical office staff; and 9) prohibit physician from discriminating against enrollees based on health status.  872 F.Supp. at 1393. Unlike the contract in Woolfolk, the instant contract gives EPSI and EPPI none of these rights.  To the contrary, the contract specifically states that it has no control over the defendant physicians' medical practice.  Therefore, the facts of Woolfolk are easily distinguishable.

Therefore, we conclude that a reasonable jury could not conclude that EPSI and EPPI had any control over the defendant physician's medical treatment and therefore conclude as a matter of law that the defendant physicians were independent contractors.  As a result, defendants EPSI and EPPI cannot be held vicariously liable for any alleged negligence by the physicians.  Therefore, we will

10

grant EPSI and EPPI's motion to the extent it seeks summary judgment on plaintiff's theory of vicarious liability as to these defendants.

B.  Direct Liability

As mentioned, plaintiff also seeks to hold EPSI liable on a direct theory of liability.  Specifically, the amended complaint alleges that EPSI and the Hospital "failed to adopt and enforce such rules and policies as would assure the provision of safe and proper emergency medicine care thereby departing from accepted standards of care to be accepted in emergency medicine departments."  (Pl.'s Am. Compl., Rec. Doc. No. 61, ¶ 45.)  EPSI argues that summary judgment is appropriate on this claim because plaintiff has not established a duty, breach of that duty, or causation with respect to EPSI.  (Rec. Doc. No. 96, at 22.)

The elements necessary to establish a claim of negligence are: 1) a duty owed by defendant to plaintiff; 2) breach of that duty; 3) loss or damage suffered by the plaintiff; and 4) the breach of the duty was the proximate cause of the loss or damage.  Holt v. Navarro, 932 A.2d 915, 920-21 (Pa. Super. 2007) (citation omitted).  Pennsylvania law allows for direct liability on a negligence theory against a hospital if it fails to uphold the proper standard of care owed to the patient, which is to ensure the patient's safety and well-being while at the hospital.  Thompson v. Nason Hosp., 591 A.2d 703, 707 (Pa. 1991).  Specifically, the

11

hospital has a duty: 1) to use reasonable care in the maintenance of safe and adequate facilities and equipment; 2) to select and retain only competent physicians; 3) to oversee all persons who practice medicine within its walls as to patient care; and 4) to formulate, adopt and enforce adequate rules and policies to ensure quality care for the patients.  Id.

Yet, we note that in Sutherland v. Monongahela Valley Hosp, the Pennsylvania Superior Court declined to extend the theory of negligence set out in Thompson to a physician's offices.  856 A.2d 55, 62 (Pa. Super. 2004). Specifically, the court noted that the same policy consideration underlying the creation of corporate liability for hospitals, which is that the "corporate hospital of today has assumed the role of a comprehensive health center with responsibility for arranging and coordinating the total health care of its patients," does not exist in a physician's office.  Id. (quoting Thompson, 591 A.2d at 706).

Plaintiff argues that EPSI owes a duty to plaintiff because it has contractually agreed to share the duties set out in Thompson with the Hospital. Specifically, plaintiff noted that EPSI designates the Medical Director of the ED, assists in the preparation of rules and regulations for emergency medicine, coordinates physician coverage in the ED, meets regularly with hospital staff to confer on matters relating to the operation of the ED, and participates in the

credentialing of physicians for the purpose of retaining physicians and providing services in the ED.  (Rec. Doc. No. 100, at 16-17.)  Yet, plaintiff cites no cases holding a corporation such as EPSI, which is undoubtedly not a hospital, liable under the direct theory of negligence set out in <u>Thompson</u>.  Furthermore, we note that the reasoning from <u>Sutherland</u> appears to suggest that EPSI, like a physician's office, should not be held liable, as it has not "assumed the role of a comprehensive health center with responsibility for arranging and coordinating the total health care of its patients."  <u>Sutherland</u>, 856 A.2d at 62 (quoting <u>Thompson</u>, 591 A.2d at 706).  Therefore, we find that EPSI did not owe a duty to plaintiff and that summary judgment is appropriate on plaintiff's direct theory of liability against EPSI.

Furthermore, even if we were to hold that EPSI owed a duty to plaintiff, we note that plaintiff has failed to set forth evidence sufficient to establish a breach of those duties or proximate cause connecting a breach to plaintiff's injuries.  Plaintiff has provided the expert reports of Drs. Robert Cantu, M.D. and Dr. Gregory Larkin, M.D. in opposition to defendants' motion for summary judgment.  As EPSI correctly notes, these expert reports do not mention EPSI or EPPI, let alone provide evidence that EPSI breached the standard of care to plaintiff and that this breach proximately caused plaintiff's injuries.  Therefore, summary judgment

would be appropriate on this basis as well.

                                                <u>s/ James F. McClure, Jr.</u>
                                                James F. McClure, Jr.
                                                United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JENNIFER DRUMM, | : | |
| | : | 4:07-CV-357 |
| Plaintiff, | : | |
| | : | (Judge McClure) |
| v. | : | |
| | : | |
| FRANCIS SCHELL, ET AL., | : | |
| | : | |
| Defendants | : | |

**O R D E R**

May 1, 2008

In accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1.   Defendants EmCare Physician Services' and EmCare Physician Providers' motion for partial summary judgment is GRANTED.  (Rec. Doc. No. 96.)

2.   The clerk is directed to defer entry of final judgment in favor of defendants EmCare Physician Services and EmCare Physician Providers until disposition of the entire case.

                                                  s/ James F. McClure, Jr.
                                                James F. McClure, Jr.
                                                United States District Judge