IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JENNIFER DRUMM, | : | |
| | : | 4:07-CV-357 |
| Plaintiff, | : | |
| | : | (Judge McClure) |
| v. | : | |
| | : | |
| FRANCIS SCHELL, ET AL., | : | |
| | : | |
| Defendants | : | |

**O R D E R**

June 5, 2008

**BACKGROUND:**

On February 23, 2007, plaintiff Jennifer Drumm instituted this civil action, setting forth a claim of state law medical malpractice against defendant physicians Kenneth Shultz, David Lindsay, Robert Pyatt, Jr., Frank D'Amelio, and Edward Wong, as well as various business entities, including Chambersburg Imaging Associates, Virtual Radiologic Consultants, and Charles Cole Memorial Hospital.

Discovery has ended and jury selection is scheduled for July 1, 2008. On May 19, 2008, plaintiff filed a "Motion in Limine to Prohibit Michael D'Ambrosio, D.O. from Testifying that the Standard of Care for Rural Emergency Medicine Physicians is Different than the Standard of Care for Emergency

Medicine Physicians Nationally."  (Rec. Doc. No. 123.)  Defendants have filed a brief in opposition.  (Rec. Doc. No. 139.)  For the following reasons, we will grant the motion.

**DISCUSSION:**

In her motion, plaintiff takes issue with the expert report of Michael D'Ambrosio, D.O, who is defendants Shultz and Lindsay's expert.  Specifically, plaintiff cites the portion of D'Ambrosio's report which states:

> I have practiced emergency medicine in low volume rural emergency departments (Bridgeton-South Jersey, high volume non-teaching community hospitals (Woodbury, NJ), and medium to high volume teaching hospitals (Strattford, NJ) for the past 18 years; consequently I have encountered patients similar to Jennifer Drumm but with widely varying speciality resources at my disposal.  Related to that, Dr. Larkin states in his expert report that "rural hospitals who hold themselves out as providing emergency services are required to meet the proper standard of care in the U.S.," that remark needs to be tempered by the exceptionally rare and unusual circumstances of an uncommon presentation of a rapidly progressive cerebral abscess due to rupture/ventriculitis in an immunocompetent young patient.  Consequently, the E.D. rural emergency physicians at CCMH were highly dependent on their specialists in oncology and radiology to assist them in this matter, which they did do.

(Expert Report of D'Ambrosio, Rec. Doc. No. 124, Ex. 4, at 1.)  Thus, plaintiff asserts that D'Ambrosio is attempting to invoke a local standard of care for emergency medicine physicians, which is contrary to Pennsylvania law.  (Rec.

Doc. No. 124, at 124.) In response, defendants concede that a medical specialist is held to a national standard of care, but nevertheless asserts that D'Ambrosio is "merely pointing out the factual situation and available resources then and there existing at [the Hospital]." (Rec. Doc. No. 139, at 3.)

Despite defendant's assertions, it nevertheless appears that D'Ambrosio is in fact attempting to invoke a different standard of care for rural emergency medicine physicians. When D'Ambrosio states that the "remark needs to be tempered," he is referring to Larkin's accurate statement of the law in Pennsylvania concerning a national standard of care for specialists. In other words, he states that the national standard of care needs to be tempered for emergency medicine physicians operating in rural hospitals.

As defendants concede, Pennsylvania law requires that a medical specialist be held to a national standard of care as opposed to a local standard of care. <u>Pratt v. Stein</u>, 298 444 A.2d 674, 708 (Pa.Super.Ct. 1982); <u>Kubrick v. United States</u>, 435 F.Supp. 166, 187 (E.D.Pa. 1977) (Becker, J.). Thus, when presented with the "exceptionally rare and unusual circumstances of an uncommon presentation of a rapidly progressive cerebral abscess due to rupture/ventriculitis in an immunocompetent young patient," Pennsylvania negligence law requires that a rural emergency medicine physician must be able to handle the situation with the

same competency as a emergency physician practicing in a large city.

Therefore, we will grant plaintiff's motion to the extent is seeks to preclude D'Ambrosio from testifying that the national standard of care should be tempered for emergency medicine physicians practicing in rural areas. Nevertheless, all of the surrounding circumstances are relevant to a determination of whether or not a defendant physician met that standard of care.

**NOW, THEREFORE,  IT IS ORDERED THAT:**

Plaintiff's Motion in Limine is GRANTED and Dr. D'Ambrosio is precluded from stating that the standard of care for emergency medicine physicians is tempered for physicians practicing in rural areas.  (Rec. Doc. No. 123.)

                                                        s/ James F. McClure, Jr.
                                                      James F. McClure, Jr.
                                                      United States District Judge