IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER DRUMM, | : |
| | :     4:07-CV-357 |
| Plaintiff, | : |
| | :     (Judge McClure) |
| v. | : |
| | : |
| FRANCIS SCHELL, ET AL., | : |
| | : |
| Defendants | : |

**O R D E R**

June 10, 2008

**BACKGROUND:**

On February 23, 2007, plaintiff Jennifer Drumm instituted this civil action, setting forth a claim of state law medical malpractice against defendant physicians Kenneth Shultz, David Lindsay, Robert Pyatt, Jr., Frank D'Amelio, and Edward Wong, as well as various business entities, including Chambersburg Imaging Associates, Virtual Radiologic Consultants, and Charles Cole Memorial Hospital ("Hospital").

Discovery has ended and jury selection is scheduled for July 1, 2008. On May 19, 2008, defendant Hospital filed a motion in limine "to Preclude Plaintiffs' Expert, Gregory Larkin, M.D., from Testifying as to the Purported Negligence of

the Nurse(s) at Charles Cole Memorial Hospital." (Rec. Doc. No. 116.) Also on May 19, 2008, defendant Hospital filed a motion in limine "to Preclude Plaintiffs from Introducing Evidence of or Pursuing a Theory of Corporate Negligence at Trial." (Rec Doc. No. 118.) Plaintiff has filed an opposition brief addressing both motions. (Rec. Doc. No. 141.) Although not permitted, defendant Hospital has filed a reply brief with respect to its motion "to Preclude Plaintiffs' Expert, Gregory Larkin, M.D., from Testifying as to the Purported Negligence of the Nurse(s) at Charles Cole Memorial Hospital." (Rec. Doc. No. 147.) Because these motions raise similar issues, we will consider them together. For the following reasons, we will deny both motions.

**DISCUSSION:**

### I. Motion in limine "to Preclude Plaintiffs from Introducing Evidence of or Pursuing a Theory of Corporate Negligence at Trial."

In this motion, defendant Hospital seeks to preclude plaintiff from introducing evidence at trial of corporate negligence by Hospital. (Rec. Doc. No. 119, at 2-3.) Specifically, it argues that medical expert testimony is required to prove such a claim in all but the most obvious cases and that plaintiff has produced no such evidence in support of this claim. (Id. at 7-9.)

In their complaint, plaintiff alleges that 'Defendants EmCare and hospital

2

failed to adopt and enforce such rules and policies as would assure the provision of safe and proper emergency medicine care." (Rec. Doc. No. 61, ¶ 45.) Similarly, plaintiff alleges that "[d]efendants hospital and Chambersburg Imaging failed to adopt and enforce such rules and policies as would assure the provision of safe and proper diagnostic medical imaging services." (Id. ¶ 46.)

The elements necessary to establish a claim of negligence are: 1) a duty owed by defendant to plaintiff; 2) breach of that duty; 3) loss or damage suffered by the plaintiff; and 4) the breach of the duty was the proximate cause of the loss or damage. Holt v. Navarro, 932 A.2d 915, 920-21 (Pa. Super. 2007) (citation omitted). Pennsylvania law allows for direct liability on a negligence theory against a hospital if it fails to uphold the proper standard of care owed to the patient, which is to ensure the patient's safety and well-being while at the hospital. Thompson v. Nason Hosp., 591 A.2d 703, 707 (Pa. 1991). Specifically, the hospital has a duty: 1) to use reasonable care in the maintenance of safe and adequate facilities and equipment; 2) to select and retain only competent physicians; 3) to oversee all persons who practice medicine within its walls as to patient care; and 4) to formulate, adopt and enforce adequate rules and policies to ensure quality care for the patients. Id. Unless the hospital's negligence is obvious, a plaintiff must produce expert testimony to establish that the hospital

deviated from the standard of care and that the deviation was a substantial factor in causing the harm to the plaintiff.  Welsh v. Bulger, 698 A.2d 581, 584 (Pa. 1997).

Essentially, Hospital argues that plaintiff has produced no evidence of the Hospital's negligence and that it should therefore be precluded from presenting this evidence that does not exist.  In other words, their motion in limine is a summary judgment motion in disguise.  We are unwilling to consider a dispositive motion at this stage of the proceeding and will therefore deny the motion.  See Chiropractic Alliance v. Parisi, 164 F.R.D. 618, 622 n. 6 (D.N.J.1996) (Brotman, J.) (stating that parties should not use a motion in limine as an attempt to avoid the deadlines imposed by a scheduling order).  Any lack of evidence on this claim can be properly dealt with by a motion under Rule 50 of the Federal Rules of Civil Procedure, which authorizes the court to resolve an issue against a party if "a reasonable jury would not have a legally sufficient basis to find for the party on that issue."

## II.  Motion in limine "to Preclude Plaintiffs' Expert, Gregory Larkin, M.D., from Testifying as to the Purported Negligence of the Nurse(s) at Charles Cole Memorial Hospital."

In this motion, defendant Hospital argues that plaintiff should be precluded from presenting evidence that the nurses employed by Hospital were negligent because plaintiff has not named any nurses in this action and because she has not

4

alleged that Hospital is vicariously liable for their negligence. (Rec. Doc. No. 120, at 4-7.) It notes that in his report, plaintiff's expert Gregory Larkin, M.D., is highly critical of the actions of the nurses at Hospital. (Id.) Therefore, it argues this evidence is irrelevant and should be excluded. (Id.)

Even though plaintiff has not asserted a claim of vicarious liability for Hospital based on negligence by its nurses, plaintiff has alleged that Hospital itself was negligent as we have discussed in the previous section. We agree with plaintiff that evidence that the nurses were negligent is relevant to plaintiff's claims that the Hospital was negligent under the framework set out by the Pennsylvania Supreme Court in Thompson. (Rec. Doc. No. 141, at 12.) For example, evidence that the nurses were negligent could be relevant to the claim that Hospital failed to adopt certain rules and policies to ensure quality care for the patients.

Yet, we note that we do not accept plaintiff's argument that she may pursue a claim of vicarious liability against Hospital for the actions of its nurses. Plaintiff did not include such a claim in its amended complaint, and we do not find that defendant has been sufficiently on notice of such a claim, especially considering that the nurses are not named as defendants and the complaint does not contend that they were negligent. Nevertheless, the motion is denied.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Defendant Hospital's motion in limine "to Preclude Plaintiffs' Expert, Gregory Larkin, M.D., from Testifying as to the Purported Negligence of the Nurse(s) at Charles Cole Memorial Hospital" is DENIED. (Rec. Doc. No. 116.)

2. Defendant Hospital's motion in limine "to Preclude Plaintiffs from Introducing Evidence of or Pursuing a Theory of Corporate Negligence at Trial" is DENIED. (Rec Doc. No. 118.)

                                        s/James F. McClure, Jr.
                                        James F. McClure, Jr.
                                        United States District Judge