IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JENNIFER DRUMM, | : | |
| | : | 4:07-CV-357 |
| Plaintiff, | : | |
| | : | (Judge McClure) |
| v. | : | |
| | : | |
| FRANCIS SCHELL, ET AL., | : | |
| | : | |
| Defendants | : | |

**O R D E R**

June 10, 2008

**BACKGROUND:**

On February 23, 2007, plaintiff Jennifer Drumm instituted this civil action, setting forth a claim of state law medical malpractice against defendant physicians Kenneth Shultz, David Lindsay, Robert Pyatt, Jr., Frank D'Amelio, and Edward Wong, as well as various business entities, including EmCare Physician Services, Inc. ("EPSI"), EmCare Physician Providers, Inc. ("EPPI"), and Charles Cole Memorial Hospital ("Hospital").

Discovery has ended and jury selection is scheduled for July 1, 2008. On May 1, 2008, we granted defendants EmCare Physician Services, Inc. ("EPSI") and EmCare Physician Providers, Inc. ("EPPI") motion for summary judgment,

concluding that neither owed a duty to plaintiff and therefore could not be liable for negligence.

On May 19, 2008, plaintiff filed a "Motion in Limine to Preclude Defendant Charles Cole Memorial Hospital from Introducing or Admitting Evidence that Defendant EmCare Physician Services, Inc. was Responsible for Managing or Controlling Defendant Hospital's Emergency Department." (Rec. Doc. No. 125.) Plaintiff has filed a brief in support of her motion. (Rec. Doc. No. 126.) Defendant Charles Cole Memorial Hospital has filed a brief in opposition. (Rec. Doc. No. 136.) For the following reasons, we will grant the motion.

**DISCUSSION:**

In our order granting summary judgment for EPSI, we concluded that it could not be held liable to plaintiff for negligence because it did not owe plaintiff a duty. Specifically, we noted that under Pennsylvania law, a hospital has a duty: 1) to use reasonable care in the maintenance of safe and adequate facilities and equipment; 2) to select and retain only competent physicians; 3) to oversee all persons who practice medicine within its walls as to patient care; and 4) to formulate, adopt and enforce adequate rules and policies to ensure quality care for the patients. Thompson v. Nason Hosp., 591 A.2d 703, 707 (Pa. 1991) Yet, we

declined to extend this duty to an organization such as EPSI, who had contracted with Hospital to provide administrative management and physician staffing services for Hospital's ED.

In the instant motion in limine, plaintiff seeks to preclude Hospital from presenting evidence that EPSI was responsible for managing or controlling Hospital's emergency department. (Rec. Doc. No. 126, at 5-7.) Hospital, on the other hand, argues that the contractual responsibilities owed by EPSI to Hospital are relevant to Hospital's defense to plaintiff's claim of corporate negligence. (Rec. Doc. No. 136, at 5.)

We believe that any evidence regarding the contractual responsibilities owed by EPSI to Hospital has been rendered irrelevant by our May 1, 2008 ruling granting summary judgment in favor of EPSI and EPPI. The contractual responsibilities owed by EPSI and whether or not EPSI may have breached its contract with Hospital are simply not relevant to plaintiff's claims of negligence. Furthermore, we note that it would make little sense to preclude plaintiff from seeking recovery from EPSI and then permit Hospital to introduce evidence concerning the actions of EPSI in order to mitigate its own damages. Therefore, we will grant plaintiff's motion and preclude Hospital from introducing evidence that EPSI was responsible for managing Hospital's emergency department.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Plaintiff's "Motion in Limine to Preclude Defendant Charles Cole Memorial Hospital from Introducing or Admitting Evidence that Defendant EmCare Physician Services, Inc. was Responsible for Managing or Controlling Defendant Hospital's Emergency Department" (Rec. Doc. No. 125) is granted.

2. The Hospital is precluded from introducing or admitting any such evidence.

<pre>
                          s/James F. McClure, Jr.
                          James F. McClure, Jr.
                          United States District Judge
</pre>