IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER DRUMM, | : |
| | :  4:07-CV-357 |
| Plaintiff, | : |
| | :  (Judge McClure) |
| v. | : |
| | : |
| FRANCIS SCHELL, ET AL., | : |
| | : |
| Defendants | : |

**O R D E R**

June 11, 2008

**BACKGROUND:**

On February 23, 2007, plaintiff Jennifer Drumm instituted this civil action, setting forth a claim of state law medical malpractice against defendant physicians Kenneth Shultz, David Lindsay, Robert Pyatt, Jr., Frank D'Amelio, and Edward Wong, as well as various business entities, including Chambersburg Imaging Associates, Virtual Radiologic Consultants, and Charles Cole Memorial Hospital.

Discovery has ended and jury selection is scheduled for July 1, 2008. On May 22, 2008, defendants filed a "Motion for Separate Trials of Liability and Damages." (Rec. Doc. No. 131.) On May 28, 2008, plaintiffs filed a brief in opposition to defendants' motion. (Rec. Doc. No. 143.) On June 6, 2008,

defendants filed their supporting brief. (Rec. Doc. No. 143.) For the following reasons, we will deny the motion.

**DISCUSSION:**

Rule 42(b) of the Federal Rules of Civil Procedure states that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues . . ." Rule 42(b) affords the court wide latitude in deciding whether to bifurcate a trial. See Barr Labs., Inc. v. Abbot Labs., 978 F.2d 98, 115 (3d Cir. 1992). This court has most frequently granted bifurcation in those cases in which the presentation of damages evidence is inordinately disproportionate to the evidence on liability. Doebler's Pennsylvania Hybrids, Inc. v. Doebler, Civ. No. 03-1079, 2006 WL 3325607 at * 2 (M.D.Pa. Oct. 30, 2006) (McClure, J.). Bifurcation is usually not ordered when the issues of liability and damages are intertwined and witnesses who testify regarding liability can also be expected to testify as to damages. Id. Additionally, we note that bifurcation is often ordered in personal injury cases in which the nature and extent of the damage issues may prejudice the jury in its liability determination. Id.

We believe that bifurcation is appropriate in the instant case. First, liability and damages are not intertwined. Although plaintiff argues that her expert

witnesses Barakos, Mathisen, and Cantu will be required to testify in both the liability and the damages portion of a bifurcated trial (Rec. Doc. No. 143, at 6-8), the summary of their testimony reveals that they will primarily testify as to causation (Rec. Doc. No. 142, at 10-14).

Similarly, we also note that the damages portion of the trial appears to be significant and that this weighs in favor of bifurcation.  Plaintiff's final pretrial memorandum reveals four expert witnesses who will testify as to damages. (Rec. Doc. No. 142, at 14-15.)  Defendants evidently have five expert witnesses who will testify as to damages.  (Rec. Doc. No. 132, at 6; Rec. Doc. No. 133, at 8; Rec. Doc. No. 134, at 10-11; Rec. Doc. No. 137, at 7.)  Thus, bifurcation could lead to a considerable conservation of resources in the event that the jury does not find for plaintiff on liability.  Similarly, bifurcation will ensure that an extensive presentation of damages does not prejudice the jury in its liability determination.

Therefore, for the reasons we have discussed, we will grant defendants' motion and bifurcate liability and damages.  Yet, in order to alleviate plaintiff's fear of having her experts required to testify at two separate trials, we will permit plaintiff's experts Barakos, Mathisen, and Cantu (as well as Larkin and Skeens) to testify to the full extent of their reports during the liability stage of the proceeding.

Likewise, unless otherwise limited, defendants' experts, D'Ambrosio, Harbaugh, Neiman, Austin, Sze and Morse will be permitted to testify to the full extent of their reports during the liability stage of the proceeding.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Defendants' "Motion for Separate Trials of Liability and Damages" is GRANTED. (Rec. Doc. No. 131.)

2. The liability phase of the trial will be presented to the jury commencing July 2, 2008 at 10:00 a.m. and continue until concluded.

3. There will then be a hiatus of such of the week beginning July 14, 2008 as then remains.

4. The damages phase will commence Monday, July 21, 2008 at 10:00 a.m. and continue until concluded.

          s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge